IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN F. THOMAS                        :

                                                   :

    v.                                    : Civil Action No. DKC 2008-2142

                                                   :

ALAN ARTINO, ET AL.                   :

                                                   :

**MEMORANDUM OPINION**

Presently pending and ready for review in this copyright case are: (1) the motion of Defendant Alan Artino for summary judgment (Paper 32); (2) the cross-motion of Plaintiff John F. Thomas for summary judgment (Paper 33); (3) Defendant's motion for leave to file a surreply (Paper 36); and (4) the motion to withdraw as attorney by counsel for Defendant Alan Artino (Paper 42). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion for summary judgment will be denied as to Plaintiff's copyright infringement claim and will be granted as to Plaintiff's unjust enrichment and conversion claims, the parties will have an opportunity to brief the issue of vicarious liability for copyright infringement, Defendant's motion for leave to file a surreply will be denied, and Defendant's counsel's motion to withdraw as attorney for Defendant will be reserved.

## I. Background

Except where noted, the following facts are undisputed. Plaintiff John F. Thomas ("Thomas") is a resident of Maryland. (Paper 1 ¶ 2). Defendant Alan Artino ("Artino") is a resident of Maryland. (*Id.* at ¶ 3).

In early 2003, Defendant initiated contact with Plaintiff to provide architectural services for repair and remodeling of Defendant's home, located at 411 Valley Brook Drive, Silver Spring, Maryland (the "Home"). (*Id.* at ¶ 9). On or about March 18, 2003, Plaintiff attended an initial meeting at the Home with Kenny McConkey ("McConkey"), a contractor whom Defendant had hired to carry out the remodeling, and Shannon McLane ("McLane"), an employee of McConkey's company. (Paper 32, Attach. 1 ¶ 5). At the meeting, McConkey described the remodeling work Defendant wanted and instructed Plaintiff to begin drafting architectural plans (the "Drawings"). (*Id.*). Plaintiff took measurements of the house in preparation for the preliminary Drawings, but told McConkey that Plaintiff would require a contract and a meeting with Defendant and his wife before proceeding further. (Paper 1 at ¶ 10).

On March 28, 2003, Plaintiff met with McConkey and McLane and presented them with the contract and Drawings. (Paper 32, Attach. 1 at ¶ 6). McConkey informed Plaintiff that McConkey

would sign and execute the contract for Plaintiff's services. McConkey and Plaintiff signed two contracts for Plaintiff's services, one for the remodel of the house and one for a site plan for outdoor features, including a patio, deck, and fence. (Paper 32, Attachs. 4 and 5). Defendant did not sign either contract. (Paper 32, Attach. 3, at 27-28). Plaintiff and Defendant did not have a written agreement concerning the scope or performance of the Home's remodeling. On May 23, 2003, Plaintiff, Defendant, Mrs. Artino, McConkey, and McLane met at the Home. During the meeting, Mrs. Artino shared changes that she wanted made to Plaintiff's design. (*Id.* at 46).

On or about October 23, 2003, McConkey requested Plaintiff's help in getting a building permit for the Home. Plaintiff obtained Building Permit No. 315022 from the Montgomery County Department of Permitting Services (the "Department") on October 29, 2003. Plaintiff asserts that he was required by law to submit the Drawings to the Department to obtain the permit. (Paper 33, at 3, ¶ 6; Paper 1 ¶ 19). In early November 2003, McConkey told Plaintiff that Defendant was going through a divorce, had decided to abandon the project, and refused to pay Plaintiff for his work. (Paper 32, Attach. 1 ¶ 20)(citing Paper 1 ¶ 20). Plaintiff asserts that he did not

deliver the Drawings or the permit to Defendant because Defendant had not paid for them. (Paper 1 ¶¶ 22-23).

Plaintiff first filed suit against Defendant in a Maryland circuit court, seeking a mechanic's lien. *Thomas v. Artino*, Case. No. 248356V (Md.Cir.Ct. 2004). Plaintiff states that the suit was dismissed because a mechanic's lien is not available for architectural works. (Paper 33, at 3, n.1).

Plaintiff filed a second suit against Defendant in the Circuit Court for Montgomery County on June 24, 2004. *Thomas v. Artino*, Case. No. 252875V (Md.Cir.Ct. 2004). Plaintiff's complaint alleged breach of contract for Plaintiff's base fee of $25,000 and for compensation for Plaintiff's work on Mrs. Artino's requested changes to the Drawings, other changes to the Drawings, obtaining the building permit, and for other miscellaneous expenses. (Paper 32, Attach. 6 ¶¶ 10-29). The case was dismissed October 5, 2005. (Paper 32, Attach. 7).

On February 22, 2006, Plaintiff filed a third suit against Defendant in the Circuit Court for Montgomery County, Maryland. *Thomas v. Artino*, Case No. 269398V (Md.Cir.Ct. 2006). The court entered an order granting Defendant's motion for summary judgment and dismissing Plaintiff's complaint on December 20, 2006. (Paper 32, Attach. 9). Plaintiff asserts that this case was "dismissed without prejudice when Plaintiff's prior attorney

failed to answer Defendant's summary judgment motion." (Paper 33 at ¶ 8, n.1).

On January 2, 2008, Plaintiff sued Defendant in this court alleging copyright infringement, breach of contract, conversion, tortious interference with contract, and unjust enrichment. *See Thomas v. Artino*, 08-cv-0016-AW, (D.Md. 2008)(prior litigation). The court granted Plaintiff's motion for voluntary dismissal on August 5, 2008, and the case was dismissed without prejudice. (Paper 32, Attach. 12). Plaintiff asserts that, after the case was dismissed, he registered the Drawings with the United States Copyright Office (Registration Number VAu 964-802). (Paper 1, Attach. 3).

On August 18, 2008, Plaintiff filed another complaint in this court against Defendant and Clark Associates Architects alleging copyright infringement, breach of contract, conversion, tortious interference with contract, and unjust enrichment.[1] (Paper 1). Plaintiff's complaint alleged that, during 2007, Defendant remodeled the Home with the Drawings. (Paper 1 ¶ 25).

Defendant filed an answer to the complaint in which he asserted a counterclaim for attorney's fees arising from the prior litigation under the remedies provision of the Copyright

---

[1] Plaintiff filed a motion to dismiss Defendant Clark Associates Architects from this case, which was granted on March 10, 2009. (Paper 19).

Act, 17 U.S.C. § 505. On Plaintiff's motion, the counterclaim was dismissed. (Papers 21 and 22).

Documents produced during this litigation yielded the following facts: Department records show that on May 4, 2005 an applicant with the name "Alan Artino" made a public information request for a copy of the building plans associated with building permit 315022. (Paper 33, Attach. 3). Department records show that the copy was paid for by check number 6931 drawn on the account of Alan Artino, LLC. (Paper 33, Attach. 4). Defendant produced a check from the account of Alan Artino, LLC, which is addressed to Montgomery County Maryland and bears the check number 6931. (Paper 33, Attach. 5). On June 29, 2005, the Department issued building permit 384606, which granted Francisco Delgado permission for "alteration and 200 sq. ft. & addition" work on the Home. (Paper 33, Attach. 6). Defendant produced a copy of the Drawings to Plaintiff, which bears the number 315022 on the lower left-hand corner on each page and the number 384606 on the right side of each page. (Paper 33, Attach. 7).

## II. Motions for Summary Judgment

### A. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007); *Emmett,* 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254; *Celotex*

*Corp*., 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50. (citations omitted).

When faced with cross-motions for summary judgment, as in this case, the court must consider "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir.), *cert. denied*, 540 U.S. 822 (2003) (internal quotation marks omitted); see also *havePower, LLC v. Gen. Elec. Co*., 256 F.Supp.2d 402, 406 (D.Md. 2003)(citing 10A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2720 (3d ed. 1983)). The court reviews each motion under the familiar standard for summary judgment. The court must deny both motions if it finds there is a genuine issue of material fact, "[b]ut if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Federal Practice & Procedure § 2720.

**B.   Analysis**

**1.   Count I (Copyright Infringement)**

Copyright protection extends to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102.  A copyright holder has certain exclusive rights to the work, including the right to reproduce all or any part of the copyrighted work.  *Id.* § 106.  One infringes a copyright when he or she violates one of the exclusive rights to a work held by a copyright owner, and the owner has the right to sue for infringement.  *See* 17 U.S.C. § 501.  To establish a prima facie case of copyright infringement, a plaintiff must demonstrate that (1) "he owned the copyright to the work that was allegedly copied," and (2) "the defendant copied protected elements of the work."  *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001).

Defendant argues that he should be granted summary judgment on Plaintiff's copyright infringement claim, arguing that Plaintiff has not proven that he owns a copyright of the Drawings because Plaintiff did not produce a copy of the application, file, or deposit that was filed in the Copyright Office.  (Paper 34, at 2-3).  Secondly, Defendant denies that he or anyone acted with his authorization to copy whatever work Plaintiff may have registered.  Additionally, Defendant

9

maintains that that the court must undertake side-by-side comparison of the copyrighted material and the alleged copy. (Paper 34, at 3). Defendant also argues that Plaintiff needed to provide photographs of the finished Home to the Copyright Office to register the architectural work. (*Id.* at 4). Plaintiff counters that, not only is Defendant not entitled to summary judgment on his copyright infringement claim, but that he is.

**a. Ownership**

Plaintiff contends that his registration certificate establishes that he owns a valid copyright to the Drawings. (Paper 33, at 7). Until 1990, architectural works could be registered only as "technical drawings" under the category of "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a)(5). In 1990, Congress enacted the Architectural Works Copyright Protection Act, which extended copyright protection to "architectural works" as a new category of authorship. 17 U.S.C. 102(a)(8); 3 *Nimmer*, *supra*, § 2.20. An "architectural work" is defined as "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings" taking into consideration "the overall form as well as the arrangement and composition of spaces and elements in the design." 17 U.S.C. § 101. It is

10

well-settled that architectural drawings receive copyright protection under both 17 U.S.C. § 102(a)(5) and § 102(a)(8). *See Leicester v. Warner Bros.*, 232 F.3d 1212, 1219 (9th Cir. 2000); *Attia v. Soc'y of N.Y. Hosp.*, 201 F.3d 50, 52 n. 3 (2d Cir. 1999); *see also* H.R.Rep. No. 101-735, at 17 (1990), as reprinted in 1990 U.S.C.C.A.N. 6935, 6950 ("An individual creating an architectural work by depicting that work in plans or drawing[s] will have two separate copyrights, one in the architectural work (section 102(a)(8)), the other in the plans or drawings (section 102(a)(5))."). A work can obtain protection as both an architectural work and a technical drawing only if the work is registered under both categories. *See* 37 C.F.R. § 202.11(c)(4).

The first element requires an analysis of whether the plaintiff has a registration certificate and whether the copyrighted work is sufficiently original to warrant copyright protection. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In judicial proceedings, a certificate of copyright registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see also Serv. & Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 688 (4th Cir.

11

1992); *Lowery Reports, Inc. v. Legg Mason, Inc.*, 271 F.Supp.2d 737, 744 (D.Md. 2003)("As proof of ownership, [plaintiff] submits the certificates of copyright registration for all of the Reports at issue"). "The presumption flowing from § 410(c) is not an insurmountable one, and merely shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668 (3[d] Cir. 1990)(citing *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2[d] Cir. 1985)).

Plaintiff provided his certificate of registration for an "architectural work," which was assigned the registration number VAu 964-802. (Paper 1, Attach. 3). Plaintiff also identified the technical drawings produced in discovery bearing Bates numbers T1000-23 as the work that he registered with the Copyright Office. (Paper 35, at 2; Paper 1, Attach. 1 ¶¶ 3, 5). Plaintiff has established a presumption of the validity of his copyright for the Drawings by presenting his registration certificate. Defendant's attempts to rebut this presumption fail. Defendant has not cited any cases that state that Plaintiff must provide the application, file, deposit, or a "certified copy" of the registered work to prove that he holds the copyright. Thus, there is uncontradicted evidence that Plaintiff owns the copyright to the Drawings.

**b.  Copying**

A plaintiff may prove the second element – that the protected elements of the plaintiff's work were copied – through direct or circumstantial evidence. *See, e.g.*, *Accord M. Kramer Manufacturing Co. Inc., v. Andrews et. al.*, 783 F.2d 421, 445 (4th Cir. 1986)("If there was clear proof of actual copying by the defendants, that is the end of the case."). "Where direct evidence of copying is lacking, plaintiff may prove copying by circumstantial evidence in the form of proof that the alleged infringer had access to the work and that the supposed copy is substantially similar to the author's original work." *Bouchat*, 241 F.3d at 353-54. In this case, Plaintiff contends that Defendant copied his Drawings by submitting them to the Department for the second building permit and by using the Drawings to remodel his home.

To prove access, the copyright holder need not show that the allegedly infringed work was actually accessed. *Robert R. Jones Assocs., Inc. v. Nino Homes,* 858 F.2d 274, 277 (6th Cir. 1988). Rather, the owner of the copyright may prove access by demonstrating that the person who composed the allegedly infringing work had the opportunity to view or copy the copyrighted material. *Ale House Mgmt., Inc. v. Raleigh Ale*

*House, Inc.*, 205 F.3d 137, 143 (4th Cir. 2000); *Nino Homes*, 858 F.2d at 277.

A court's evaluation of substantial similarity "should be based on the ordinary and reasonable layperson's overall impression of the two works, not on a detailed comparison of the two works, focusing on the individual differences." *Richmond Homes*, 862 F.Supp. 1517, 1527 (W.D.Va. 1994), *aff'd in part and rev'd in part*, 66 F.3d 316 (4th Cir. 1995)(quoting *Ganz Bros. Toys v. Midwest Importers*, 834 F.Supp. 896, 901 (E.D.Va. 1993)). While the general rule is that the question of substantial similarity is one for the jury, a court may nonetheless be justified in ruling for a plaintiff on a summary judgment motion when the similarities between plaintiff's and defendant's works are so "overwhelming" as to preclude the possibility of independent creation. 3 *Nimmer on Copyright* § 12.10[B][3] (2010).

In the context of architectural design, substantial similarity has been understood to require the plaintiff to show only that a substantial part of the allegedly infringed design was copied, not that every element of the plaintiff's design was copied. *Richmond Homes*, 862 F.Supp. at 1527. With regard to architectural plans, substantial similarity may be established

14

on the basis of similarity between "either the floor plans or the exterior, or both." *Id.*

In this regard as well, the evidence is uncontradicted and establishes that protected elements of Plaintiff's copyrighted work were copied. First, Defendant or someone working for Defendant had access to Plaintiff's Drawings. Department records show that a copy of the Drawings was applied for by a person named Alan Artino and that the copy was paid for by a check drawn on the account of Alan Artino, LLC. Defendant produced the check from his business files, which matches up with the Department's records. Defendant also produced a copy of the Drawings. The first page of the copy of the Drawings produced by Defendant bears a Department stamp and signature that states, "Copy provided by the Department of Permitting Services" in the amount of twenty-three pages on May 3, 2005. (Paper 33, Attach. 7, at 1).

Second, the copy of the Drawings that Defendant produced is substantially similar to Plaintiff's copyrighted work. Defendant's copy of the plans has two building permit numbers written on each page: the number of the original building permit which Plaintiff obtained on behalf of Defendant (315022) and the number of the building permit obtained on June 29, 2005 (384606). The company caption of Plaintiff's architectural firm

also appears on each page.  (Paper 33, at 7; Paper 35, at 6).
It is not necessary for the court to compare the Drawings with
Defendant's copy of the building plans side-by-side because the
documents are identical, apart from the addition of the second
building permit number.  Furthermore, the Department's
inspection records show that the copy of the Drawings was
actually used to remodel the Home.  A public record of
inspections from the Department's website shows that the County
performed eight inspections on the property associated with
building permit number 384606 between October 2006 and April
2007.  (Paper 33, Attach. 12).  Finally, pictures of the front
entrance of the remodeled Home compared side-by-side with the
Drawings evidence similar features.  (Paper 33, Attachs. 8 and
9).  Defendant has not presented evidence to show that the Home
was remodeled with building plans other than the copy of the
Drawings that was used to obtain the building permit.

Therefore, Plaintiff has established that protected
elements of Plaintiff's copyrighted work were copied.

### c.   Defendant's Liability

The only truly disputed element of the copyright claim is
whether Defendant can be held liable for the unauthorized
copying.  Defendant denies under oath that he or anyone
authorized by him copied Plaintiff's Drawings.  Defendant also

denies that he has any knowledge of whether Plaintiff's copies were used to remodel the Home. Plaintiff argues that he has established that Defendant is responsible for the copying based on the following evidence: the May 2005 application for the building plans bore Defendant's name as the applicant, the county's receipt for the plans recorded payment by check 6931, and the check written to Montgomery County and numbered 6931 was drawn on the account of Alan Artino, LLC. (Paper 33, at 7). In regard to Defendant's agency argument, Plaintiff asserts that, assuming Defendant did not copy the drawings, Defendant ratified the actions of any general contractor who copied the Drawings and used them to remodel the Home. (Paper 35, at 5).

In response to Plaintiff's requests for admissions, Defendant denied obtaining a copy of the Drawings, paying for the copy of the Drawings, and using the Drawings to remodel his property. (Paper 33, Attach. 12 ¶¶ 1-3). Defendant's reply brief addresses the check that bore Defendant's name that was used to pay the Department for a copy of the Drawings, noting:

> The only 'physical evidence' that on its
> face even arguably ties Mr. Artino to the
> alleged copyright infringement is Exhibit
> T4, 'check No. 6931 drawn on the account of
> Alan Artino LLC.' But there is no nexus.
> The signature on the check is not that of
> Alan Artino. (Artino Declaration, ¶ 5).
> Furthermore, as it is readily apparent, the
> check was altered and not by Mr. Artino. In
> any event, Alan Artino LLC is not the

> defendant in this action, and the house is
> owned by Alan Artino individually, not Alan
> Artino, LLC. *Id.* at ¶ 6.

(Paper 34, at 6). Defendant also argues that if an independent

contractor copied the Drawings, Plaintiff cannot prove agency to

hold Defendant liable.[2] (Paper 34, at 6)(citing *Brooks v. Euclid*

*Sys. Corp.*, 151 Md.App. 487, 517-18 (2003)).

**d.  Resolution of Cross-motions**

From the foregoing discussion, it follows that Defendant's

motion for summary judgment on Plaintiff's copyright claim will

be denied.  On this record, Defendant has not established, as a

matter of law, that Plaintiff is not entitled to relief.  On the

other hand, Plaintiff has established as a matter of law that he

owned the copyrighted work and that it was copied.  There appear

to be disputed facts concerning whether Defendant is personally

responsible for the copying directly or through an agent.  There

---

[2] Defendant filed a motion for leave to file a surreply.
(Paper 36).  Surreply memoranda are not permitted unless
otherwise ordered by the court, pursuant to Local Rule 105.2(a).
"Surreplies may be permitted when the moving party would be
unable to contest matters presented to the court for the first
time in the opposing party's reply." *Khoury v. Meserve*, 268
F.Supp.2d 600, 605 (D.Md. 2003), *aff'd*, 85 Fed.Appx. 960 (4th
Cir. 2004).  Defendant's motion does not identify any such
matters, but instead seeks to address "Plaintiff's misstatements
of facts and law raised for the first time in his reply
memorandum."  (Paper 36, at 1).  Defendant's proposed surreply
does not address any new legal arguments or any relevant factual
matters.  Therefore, the motion will be denied.

is another theory of liability recognized in copyright jurisprudence that has not been discussed by the parties, vicarious liability. Under that theory, if the defendant possessed the right and ability to supervise the infringing conduct and had an "obvious and direct financial interest in the exploitation of copyrighted materials," he may be liable. Lack of knowledge is not a defense. *See* 3 *Nimmer on Copyright* § 12.04 (2010); *Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 55 (4th Cir. 2002). If plaintiff wishes to pursue such an argument, he must file a supplemental memorandum on that issue no later than July 21, 2010. Defendant will have an opportunity to respond, no later than August 4, 2010.

**2. Counts III (Conversion) and VI (Unjust Enrichment)**

Defendant argues that Plaintiff's conversion and unjust enrichment claims are preempted by the Federal Copyright Act ("FCA"). (Paper 32, Attach. 1, at 27). Defendant contends that Plaintiff's conversion claim is based on rights conferred by the FCA, specifically the right to reproduce work. *Id.* (citing 17 U.S.C. § 106). Defendant maintains that when a plaintiff's claim is for the reproduction of his copyrighted work, the conversion claim is preempted by the FCA. *Id.* at 28 (citing *Yost v. Early*, 87 Md.App. 364, 389 (1991)). Additionally, Defendant asserts that Plaintiff's cause of action for unjust

19

enrichment is an equivalent right to those protected under the FCA and is preempted. (Paper 32, Attach. 1, at 28).

Plaintiff counters that his conversion claim is not preempted by the FCA. Plaintiff states that conversion is defined as "any unjustified exercise of dominion over property by one who is not the owner of the property and who is not entitled to possession of the property which interferes with the right to possession of another who is lawfully entitled to such possession." (Paper 33 at 10)(citing *Citizens Nat. Bank v. Osetek*, 353 F.Supp. 958, 963 (D.C.N.Y. 1973)); *Yost*, 87 Md.App. at 388). Plaintiff contends that architectural plans have value above and beyond that accruing to their physical possession and are subject to conversion. (Paper 33 at 11)(citing *Pearson v. Dodd*, 410 F.2d 701, 706-07 (D.C. Cir. 1969)). Plaintiff asserts that the unauthorized copying of the Drawings amounted to conversion because it gave Defendant "dominion" over the drawings and entirely deprived Plaintiff of the value of the property. (*Id.*). Additionally, Plaintiff argues that his unjust enrichment claim is not preempted because it incorporates elements that are not present in a copyright infringement claim. (Paper 33, at 9-10). Plaintiff contends his unjust enrichment claim involves acts by Defendant – Defendant's actions of copying the Drawings, using them to obtain a building permit,

and using them and the permit to remodel his home – that extend

beyond mere reproduction of Plaintiff's copyrighted work. (*Id.*

at 9).

The FCA incorporates an explicit preemption provision,

which states:

> On and after January 1, 1978, all legal or
> equitable rights that are equivalent to any
> of the exclusive rights within the general
> scope of copyright as specified by section
> 106 in works of authorship that are fixed in
> a tangible medium of expression and come
> within the subject matter of copyright as
> specified by sections 102 and 103, whether
> created before or after that date and
> whether published or unpublished, are
> governed exclusively by this title.
> Thereafter, no person is entitled to any
> such right or equivalent right in any such
> work under the common law or statutes of any
> State.

17 U.S.C. § 301(a). The breadth of this provision is

circumscribed by section 301(b), which provides in pertinent

part:

> Nothing in this title annuls or limits any
> rights or remedies under the common law or
> statutes of any state with respect to . . .
> activities violating legal or equitable
> rights that are not equivalent to any of the
> exclusive rights within the general scope of
> copyright as specified in section 106.

To complete the statutory framework, section 106 sets forth the

exclusive rights that an owner enjoys in copyrighted works as:

(1) the right to reproduce the copyrighted work; (2) the right

to prepare derivative works; (3) the right to distribute, by sale or otherwise, copies of the copyright work; (4) with respect to particular types of artistic works, the right to publicly perform them; and (5) the right to publicly display the copyrighted works.  17 U.S.C. 106(1)-(5).

The test for preemption under the FCA is a two-part analysis: "first, the work must be 'within the scope of the 'subject-matter of copyright' as specified in 17 U.S.C. §§ 102, 103,' and second, 'the rights granted under state law' must be 'equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106.'"  *U.S. ex rel. Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997).

As stated above, Plaintiff's Drawings are copyrightable as architectural works under 17 U.S.C. § 102(a)(8).  The parties disagree on whether the rights granted under Maryland law for conversion and unjust enrichment claims are equivalent to any exclusive rights within the scope of federal copyright under 17 U.S.C. § 106.

A conversion claim under Maryland law "requires not merely temporary interference with property rights, but the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor."  *Yost*, 87 Md.App. at 388.  Regarding

22

FCA preemption of conversion claims, the United States Court of Appeals for the Fourth Circuit has stated:

> The second prong of the preemption test is satisfied unless there is an "extra element" that changes the nature of the state law action so that it is *"qualitatively* different from a copyright infringement claim." *Rosciszewski [v. Arete Associates, Inc.*,] 1 F.3d [225,] 229-30 [(4th Cir. 1993)](emphasis in original)(internal quotation marks and citation omitted); *see also Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659-60 (4th Cir.), *cert. denied*, 510 U.S. 965 (1993). It is hornbook law that a "state law action for conversion will not be preempted if the plaintiff can prove the extra element that the defendant unlawfully retained the physical object embodying plaintiff's work." Paul Goldstein, Copyright, Patent, Trademark and Related State Doctrines 777 (3<sup>d</sup> ed. 1993) (quoting Paul Goldstein, Copyright (1989)); *see also* Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B](1)(i) (1995) ("The torts of conversion and trespass relate to interference with tangible rather than intangible property . . . .").

*Berge*, 104 F.3d at 1463 (citations omitted).

To determine whether "a particular cause of action involves rights equivalent to those set forth in § 106" and is thus preempted, or whether an "extra element" is present such that preemption does not occur, "the elements of the causes of actions should be compared, not the facts pled to prove them." *Trandes Corp.*, 996 F.2d at 659. Some consideration of the specific allegations in each case is necessary for preemption

analysis, however, in order to establish and then to compare the elements of the state law cause of action asserted with the rights created by the FCA. See *Berge*, 104 F.3d at 1463 ("However, § 301(a) will preempt a conversion claim 'where the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work.'").

Plaintiff's allegations regarding the Drawings focus on their alleged misuse by Defendant, which involved copying the plans and then using them to obtain a building permit from the Department. The rights to reproduce a copyrighted work, to distribute the work, and to prepare derivative works are guaranteed by the FCA. Plaintiff does not seek relief for the actual physical deprivation of the Drawings, but for the subsequent actions taken with a copy of the Drawings. Plaintiff's conversion claim alleges only the unlawful retention of Plaintiff's intellectual property rights and is therefore preempted by the FCA.

Under Maryland law, to sustain a claim of unjust enrichment, three elements must be established:

> 1. A benefit conferred upon the defendant by the plaintiff;
>
> 2. An appreciation or knowledge by the defendant of the benefit; and

> 3. The acceptance or retention by the
> defendant of the benefit under such
> circumstances as to make it inequitable for
> the defendant to retain the benefit without
> payment of its value.

*Yost*, 87 Md.App. at 386-87. The Maryland Court of Special

Appeals stated in *Yost* that

> An "infringer" always accepts the benefits
> of the copyrighted work without properly
> compensating the creator which makes it
> unjust for the "infringer" to retain the
> benefits. Therefore, a cause of action for
> unjust enrichment is an "equivalent right"
> to those protected under the Federal
> Copyright Act and is preempted. *See* 1
> *Nimmer on Copyrights* § 1.01[B] at 1-22
> (1990).

*Yost*, 87 Md.App. at 387.

Plaintiff does not contend that Defendant was enriched by

anything other than his unauthorized reproduction and creation

of derivative works from Plaintiff's Drawings. Plaintiff's

unjust enrichment claim is not qualitatively different from a

copyright infringement claim and consequently is preempted by

Section 301.[3]

_____

[3] Plaintiff argues that the court should adopt the approach
of *Schuchart & Associates, Professional Engineers, Inc. v. Solo
Serve Corp.*, 540 F.Supp. 928 (W.D.Tex. 1982), in which the
United States District Court for the Western District of Texas
decided that an unjust enrichment claim was not preempted by the
FCA. In *Schuchart*, one of the defendants admitted that he
copied the plaintiffs' architectural drawings and used them to
prepare his own. *Id.* at 935. The court held that the unjust
enrichment claim was actionable because the plaintiffs did not

Therefore, summary judgment will be granted in favor of Defendant as to Plaintiff's unjust enrichment and conversion claims, counts III and VI of Plaintiff's complaint.

## III. Motion to Withdraw as Attorney

Two of Defendant's counsel, David S. Taylor and Matthew Stavish, ask the court to allow them to withdraw from their representation of Defendant because of irreconcilable differences and because Defendant has ceased communicating with and responding to communications from counsel. (Paper 42, at 1). Plaintiff opposes unconditional withdrawal of Defendant's counsel and asks the court to require counsel to correct Defendant's responses to certain requests for admissions and interrogatories before allowing counsel to withdraw. (Paper 43, at 1-3). Defendant's counsel reject Plaintiff's request for corrections, noting that discovery has closed, Plaintiff did not file a motion to compel, and that Defendant has ceased

---

seek to enforce their rights to copy and distribute their plans and drawings. The court also noted that the plaintiffs were not seeking to recover damages analogous to actual damages under the FCA. This case's reasoning was explicitly rejected by the Maryland Court of Special Appeals in *Yost*, and has also been rejected by other district courts. *See, e.g., Faulkner v. National Geographic Society*, 211 F.Supp.2d 450, 477 (S.D.N.Y. 2002)(stating that the *Schuchart* opinion took the "'extra element' test too literally and ignore[d] the principle that the state law claim at issue must be 'qualitatively different' in order to avoid preemption.").

communications with counsel so any corrections and Defendant's signature are unobtainable. (Paper 44, at 1).

Local Rule 101.2 (a) states:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding pro se unless and until new counsel enters an appearance on behalf of the party.

Although Defendant's counsel have fulfilled the requirements of Local Rule 101.2 (a) and (b), as they has certified Defendant's name and last known address and provided Defendant with at least seven days notice of their intent to move for withdrawal and that Defendant would have to find other counsel or notify the clerk that he is proceeding *pro se*. (Paper 42, at 1-2), resolution of this motion will be deferred. As Defendant's counsel have noted, they cannot correct the record without their client's approval, which is not possible because their client has stopped communicating with counsel. On

the other hand, the court is requiring additional briefing on the vicarious liability issue and Mr. Kaminow's continuing role in the case is unclear. Accordingly, it would be prudent to defer ruling until those issues are clarified.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment will be denied as to Plaintiff's copyright infringement claim and will be granted as to Plaintiff's unjust enrichment and conversion claims. Defendant's motion for leave to file a surreply will be denied. The parties will have an opportunity to brief the issue of vicarious liability for copyright infringement, and Defendant's counsel's motion to withdraw as attorney by counsel for Defendant will be reserved. A separate Order will follow.

_____
/s/
DEBORAH K. CHASANOW
United States District Judge
