IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN F. THOMAS :
:
v. : Civil Action No. DKC 2008-2142
:
ALAN ARTINO, ET AL. :
:

**MEMORANDUM OPINION**

Presently pending and ready for review in this copyright infringement case are: (1) a cross-motion for partial summary judgment filed by Plaintiff John F. Thomas (Paper 33), (2) a motion for an extension of time to respond to Plaintiff's supplemental brief in support of summary judgment filed by Defendant Alan Artino (Paper 51), and (3) motions to withdraw filed by counsel for Defendant (Papers 47 and 48). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's cross-motion for partial summary judgment will be granted, Defendant's motion for an extension of time will be denied as moot, and Defendants' attorneys' motions to withdraw will be granted.

**I. Background**

The relevant facts may be found in the court's last memorandum opinion, filed on July 6, 2010. (Paper 45). As

found therein, Plaintiff John F. Thomas has established that protected elements of Plaintiff's copyrighted architectural plans were copied. The only remaining element of Plaintiff's copyright claim is whether Defendant Alan Artino is, as a matter of law, liable for the unauthorized copying. Because the parties had not addressed the issue of vicarious liability, the parties were directed to submit supplemental memoranda and the court deferred ruling on Plaintiff's cross-motion for summary judgment. Defendants' attorneys' motions to withdraw were also deferred until after this issue was resolved. (Paper 46).

**II. Plaintiff's Cross-Motion for Partial Summary Judgment**

The last memorandum opinion summarized the theory of vicarious liability:

> Under that theory, if the defendant possessed the right and ability to supervise the infringing conduct and had an "obvious and direct financial interest in the exploitation of copyrighted materials," he may be liable. Lack of knowledge is not a defense. *See* 3 *Nimmer on Copyright* § 12.04 (2010); *Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 55 (4th Cir. 2002).

(Paper 45, at 19).

Defendant does not question the law, but instead argues that there are disputes of material fact regarding whether Defendant possessed the right and ability to supervise the infringing conduct and had an obvious financial interest in the

2

exploitation of Plaintiff's copyrighted architectural plans. (Paper 52, at 4).[1]  The following undisputed facts, however, establish as a matter of law that Defendant is vicariously liable for copyright infringement.  Defendant owned the home located at 411 Valley Brook Drive, Silver Spring, Maryland.  A copy of Plaintiff's architectural plans was obtained from the Montgomery County Department of Permitting Services and paid for with a check from Defendant's company, Alan Artino, LLC. Defendant's home was remodeled in accordance with those plans, as evidenced by the County's inspection records.

As the owner of the home that was being remodeled, Defendant had the right and ability to supervise the work that was done on it.  Defendant argues that this fact does not establish that he had the right and ability to control the infringing activity, *i.e.*, the copying of the drawings.  He also argues that the use of a corporate check for an activity that was outside the scope of the stated corporate purpose somehow insulates him from liability.  The only inference available from the fact that Defendant owned the home and the business whose check was used to purchase the drawings is that Defendant had

---

[1] Defendant filed consent motions to extend the time to respond to Plaintiff's supplemental brief in support of his cross-motion for summary judgment to August 27. (Papers 50 and 51).  Defendant responded only slightly after the initial deadline, and the motions will be granted *nunc pro tunc*.

the right and ability to control, whether he exercised such right being irrelevant.

Furthermore, Defendant had an obvious and direct financial interest in using Plaintiff's building plans because the copy of the plans was used to obtain a building permit for the remodel and his home was actually remodeled using that building permit. At a minimum, Defendant had a financial interest in exploiting Plaintiff's plans because he did not have to pay an architect to draw plans to remodel his home. The legal conclusion that a separate claim for unjust enrichment is unavailable is, again, irrelevant to the analysis. Furthermore, the absence of a quantification in the increase in the home's value before and after the remodeling is immaterial. The test is whether he had a financial interest in the alleged exploitation, and, here, the homeowner clearly did. Therefore, Plaintiff's cross-motion for partial summary judgment will be granted.

**III. Defendant's Attorneys' Motions to Withdraw**

Defendant's attorneys, David S. Taylor and Matthew Stavish, renew their motion to withdraw as his counsel (Paper 48) and Defendant's other attorney, David J. Kaminow, moves to withdraw for the same reasons. (Paper 47). Defendant's attorneys have fulfilled the requirements of Local Rule 101.2 (a) and (b), and

4

now that the issues relevant to the litigation up to this point have been resolved, their motion to withdraw will be granted.

## IV. Conclusion

For the foregoing reasons, Plaintiff's cross-motion for partial summary judgment will be granted, Defendant's motion for an extension of time will be denied as moot, and Defendants' attorneys' motions to withdraw will be granted. A separate Order will follow.

                                       /s/
                          DEBORAH K. CHASANOW
                        United States District Judge